IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSIE RIGGS, # 152652,          *
                                 *
        Petitioner,              *
                                 *
vs.                              *    CIVIL ACTION NO. 19-00152-KD-B
                                 *
REOSHA BUTLER,[1]                *
                                 *
        Respondent.              *

**REPORT AND RECOMMENDATION**

Jessie Riggs, an Alabama state prisoner in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.[2]

_____

[1] The Court takes judicial notice that Reosha Butler is the warden of G.K. Fountain Correctional Facility, where Riggs is currently incarcerated. Accordingly, the Clerk is **DIRECTED** to substitute Reosha Butler as the Respondent in this case pursuant to Fed. R. Civ. P. 25(d).

[2] Because Riggs filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1337 (11th Cir. 2004). Riggs has failed to establish

1

Having carefully considered Riggs's petition and supplemental filing (Docs. 1, 4), Respondent's answer and exhibits (Doc. 13 *et seq.*), and Riggs's reply (Doc. 17), the undersigned **RECOMMENDS** that Riggs's habeas corpus petition be **DENIED**, that this action be **DISMISSED with prejudice**, and that judgment be entered in favor of Respondent and against Riggs.  In the event Riggs requests a certificate of appealability and seeks to appeal *in forma pauperis*, the undersigned recommends that said requests be denied.

## I.   BACKGROUND

On September 26, 2014, a grand jury in Mobile County, Alabama returned an indictment charging Riggs with third-degree burglary, in violation of Alabama Code § 13A-7-7.[3]  (Doc. 13-1 at 31). Following a jury trial, Riggs was convicted of the charge and was sentenced to fifty years and one day of imprisonment pursuant to

---

that an evidentiary hearing is warranted in this case.  See <u>Birt v. Montgomery</u>, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner in a habeas corpus proceeding to establish the need for an evidentiary hearing.").

[3] The indictment charged:

> The GRAND JURY of said County charge, that, before the finding of this indictment Jessie Riggs whose name is to the Grand Jury otherwise unknown than as stated, did, on or about **November 20, 2013**, knowingly enter or remain unlawfully in a building, the property of **Erin Coady**, with intent to commit a crime therein, to-wit: **theft**, in violation of §13A-7-7 of the Code of Alabama, against the peace and dignity of the State of Alabama.

(Doc. 13-1 at 31) (bold in original).

the provisions of the Alabama Habitual Felony Offender Act, Alabama Code § 13A-5-9(c)(1). (Doc. 13-1 at 26, 28, 32, 40; Doc. 13-2 at 117).

Riggs timely appealed his conviction and sentence. (Doc. 13-1 at 45; Doc. 13-2 at 117). On direct appeal, Riggs's appointed appellate counsel argued that the state had presented insufficient evidence to sustain Riggs's burglary conviction because Erin Coady, who was listed on the indictment as the owner of the property, did not testify that she owned the property or that she denied Riggs authorization to enter. (Doc. 13-3 at 9). The Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming Riggs's conviction and sentence. (Doc. 13-5). Riggs filed an application for rehearing (Doc. 13-6), which was overruled by the Alabama Court of Criminal Appeals. (Doc. 13-7). Riggs then petitioned the Supreme Court of Alabama for a writ of certiorari. (Doc. 13-8). The Supreme Court of Alabama denied certiorari review, and certificates of judgment were issued by the Supreme Court of Alabama and the Alabama Court of Criminal Appeals on March 10, 2017. (Docs. 13-9, 13-10).

On March 20, 2017,[4] Riggs filed his first Rule 32 petition in the Circuit Court of Mobile County. (Doc. 13-11). In the Rule 32

_____

[4] On his standardized petition form, Riggs listed March 20, 2017 as the date his Rule 32 petition was being mailed. (See Doc. 13-11 at 10). "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered

petition, Riggs alleged that his conviction was void because the state's failure to present testimony from Erin Coady resulted in a "fatal variance" between his indictment and the evidence presented at trial. (Id. at 13-15). Riggs also alleged that his trial counsel rendered constitutionally ineffective assistance by (1) failing to "challenge the State's amending the indictment" because Erin Coady did not testify at trial; (2) failing to challenge the removal of blacks from the jury under Batson v. Kentucky, 476 U.S. 79 (1986); (3) failing to perform an adequate pretrial investigation by obtaining witness testimony to corroborate Riggs's version of events; (4) failing to subpoena the dispatcher of the 911 call made by Riggs to report his vehicle stolen on the date of the burglary; (5) refusing to "challenge the police based on the time of reporting burglary, and challenge when the burglary was alleged to have taken place"; and (6) failing to subpoena records to substantiate whether Erin Coady was in fact married to Brad McNeil and lived at the subject property. (Id. at 16-19). Upon review, the circuit court entered an order summarily dismissing Riggs's first Rule 32 petition. (Doc. 13-13). Riggs filed a motion for reconsideration, which was denied by the circuit

---

to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." Ex parte Allen, 825 So. 2d 271, 272 (Ala. 2002).

court.  (Doc. 13-14).  Riggs did not appeal the circuit court's denial of his first Rule 32 petition.  (See Doc. 13-15).

Riggs filed a second Rule 32 petition on September 14, 2017. (Doc. 13-17 at 34-47).  In the second petition, Riggs argued that the complaint and affidavit in support of his arrest were invalid because the investigating officer relied "exclusively upon hearsay" evidence rather than his own personal knowledge.  (Id. at 46).  Riggs also asserted, without explanation, that the trial court was without jurisdiction to render the judgment or impose the sentence.  (Id. at 38).  Upon review, the circuit court entered an order summarily dismissing Riggs's second Rule 32 petition  (Id. at 67-70).  Riggs timely appealed.  (Id. at 74).  In an unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the circuit court's summary dismissal of Riggs's second Rule 32 petition.  (Doc. 13-20).  Riggs filed an application for rehearing (Doc. 13-21), which the Alabama Court of Criminal Appeals overruled.  (Doc. 13-22).  Riggs did not petition the Supreme Court of Alabama for a writ of certiorari, and the Alabama Court of Criminal Appeals issued a certificate of judgment on September 12, 2018.  (Doc. 13-23).

On March 17, 2019,[5] Riggs filed the instant petition seeking federal habeas corpus relief under 28 U.S.C. § 2254.[6] (Doc. 1). In his petition, Riggs raises the following grounds for relief: (1) "Not Guilty (Actually Innocent) (Miscarriage) of Justice";[7] (2) "Faulty Indictment";[8] (3) "Ineffective Assistant of Counsel";[9] and (4) "Conviction Obtain by Hearsay Evidence."[10] (Id. at 6-9).

---

[5] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the motion. Id. Riggs' petition is dated March 17, 2019. (Doc. 1 at 13).

[6] Riggs originally filed the instant § 2254 habeas petition in his existing 42 U.S.C. § 1983 action. See Riggs v. Brooks, No. 1:17-cv-00469-TFM-MU (S.D. Ala. 2017), ECF No. 25. The Clerk of Court was directed to transfer Riggs's habeas petition to a separate docket for adjudication as a new and independent proceeding. Id., ECF No. 26.

[7] In the "Supporting Facts" section of the petition for ground one, Riggs states: "Petitioner not guilty of charge; faital [sic] variance." (Doc. 1 at 7).

[8] In the "Supporting Facts" section for ground two, Riggs states: "It shows Ms. Coady as victim and property (possion [sic] owner), who did not show up for trial or testify. No property present at trial." (Doc. 1 at 7).

[9] In the "Supporting Facts" section for ground three, Riggs states: "Appointed counsel render services only customary to Black, and poor indigent and fail to investigate and try case to win, not guilty." (Doc. 1 at 8).

[10] In the "Supporting Facts" section for ground four, Riggs states: "Hearsay by Brady McNeil who testified in place of Coady and who did not witness crime or enter or remain or possession." (Doc. 1 at 8-9).

Later, on April 28, 2019, Riggs filed a document entitled "Fact in Support of Habeas Corpus", which arguably raises additional grounds for relief.[11]  (Doc. 4).

---

[11] In that document, Riggs proffers his version of events on the date of his arrest.  These include his apparent contention that Scott Walser, a witness who testified against Riggs at trial, stole Riggs's car from a Hardee's restaurant and, along with Erin Coady, whose property Riggs was charged with burglarizing, proceeded to load clothes, shoes, jewelry, and televisions from the home of Brad McNeil into Riggs's car because Coady was leaving McNeil. Riggs states:

> [M]y car was stolen and when I saw it and the people walking towards it, I ducked in the woods, to be sure and listen for any talk they did to prove they stole it.

> When the two people came towards my car, I knew I had them: I walked out of the woods and told them that my car was stolen and pointed, as I walked to my car.  I saw that the hood was up, from the wood, but as I got closer, I saw a T.V. and lady's dresses and high-heels. I stopped and started calling 911; I walked near the back, and saw a T.V. in the trunk of the car.  The lady, Ms. Coady, was yelling at me and swinging at me.  "You broke in my house.  You stole my T.V.'s!"  I told [my attorney] that I was eating at Hardee's and flirting with the ladies, when my car got stolen.

> . . . .

> Surely, Miss. Coady was leaving Mr. McNeil, and Scott [Walser] was helping.  Surely, everyone knows that when a lady "break-up" with a man, she takes her clothes, shoes, jewelry and T.V.'s when the man is away.

> . . . [McNeil and Coady] were not married at the time of the brake-in [sic]. (With all that family property, Mr. McNeil was a "play-boy").  No doubt in my mind she was braking  up [sic], and Scott W[a]lser, was helping.

(Doc. 4 at 7-9).

Respondent filed an answer to Riggs's petition on August 22, 2019.[12] (Doc. 13). In the answer, Respondent construes Riggs's first and fourth grounds for relief as insufficient evidence claims and argues that Riggs is entitled to no relief because he has not shown that based on the evidence, no reasonable juror could have found him guilty beyond a reasonable doubt. (Id. at 6-9, 14-15). Respondent further contends that Riggs's "faulty indictment" and ineffective assistance of counsel claims in grounds two and three are procedurally defaulted and without merit. (Id. at 9-13).

Riggs filed a reply to Respondent's answer on September 16, 2019. (Doc. 17). Riggs's habeas petition is now ripe for review.

## I.   STANDARD OF REVIEW

The Court's review of Riggs's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"). Under the AEDPA, "the role of the federal courts is strictly limited." Jones v. Walker, 496 F.3d 1216, 1226 (11th Cir. 2007). Specifically, 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[12] Respondent's answer addresses only the grounds for relief specified in Riggs's habeas petition. (See Doc. 13).

established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the state court arrived at a conclusion contrary to that reached by the United States Supreme Court on a question of law or decided a case differently from the way the United States Supreme Court did on a set of materially indistinguishable facts, or if the state court's decision involved an unreasonable factual determination. Williams v. Taylor, 529 U.S. 362, 405 (2000); Price v. Vincent, 538 U.S. 634, 638-41 (2003) (noting that a federal court will disturb a state court's habeas decision on the merits only if the petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the Supreme Court, or if the decision rested upon an unreasonable factual determination).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). In other words, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . . . [T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." Loggins v. Thomas, 654 F.3d 1204, 1220 (11th Cir. 2011); see also Greene v. Fisher, 565 U.S. 34, 38 (2011) (noting that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction") (citations and internal quotation marks omitted); Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (noting that the AEDPA standard "is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal citations and quotation marks omitted).

Accordingly, in evaluating Riggs's § 2254 petition, the Court takes great care to abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." Hill v. Humphrey, 662 F.3d 1335, 1355 (11th Cir. 2011); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277,

1286 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit."). Having established the proper standard of review, the Court will examine Riggs's stated grounds for relief.

## II. **ANALYSIS**

### A. **Insufficient Evidence (Grounds One, Two, and Four).**

Although Riggs uses varying terminology, the court construes his first,[13] second, and fourth grounds for relief as asserting the

---

[13] Riggs alleges in ground one that he is "Not Guilty (Actually Innocent) (Miscarriage) of Justice." (Doc. 1 at 7-8). The Court notes that federal habeas relief is unavailable for freestanding, non-capital claims of actual innocence. See Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases."); Raulerson v. Warden, 928 F.3d 987, 1004 (11th Cir. 2019) ("[O]ur precedent forecloses habeas relief based on a prisoner's assertion that he is actually innocent of the crime of conviction 'absent an independent constitutional violation occurring in the underlying state criminal proceeding.'") (citation omitted); Collins v. Sec'y, Dep't of Corr., 809 F. App'x 694, 695-96 (11th Cir. 2020) (holding that a freestanding claim of actual innocence is not cognizable in a non-capital § 2254 proceeding), cert. denied sub nom. Collins v. Inch, 141 S. Ct. 1123 (2021). Additionally, the Supreme Court "has indicated that it would necessarily be more difficult to establish a freestanding actual innocence claim than it is to establish actual innocence under the fundamental miscarriage of justice exception to the procedural default doctrine[,]" which itself applies only in the extraordinary case. Mize v. Hall, 532 F.3d 1184, 1195 (11th Cir. 2008) (citing House v. Bell, 547 U.S. 518, 555 (2006)). In any event, Riggs has not presented any evidence, new or otherwise, that is so compelling that no reasonable juror would have convicted him. See Crump v. United States, 2018 U.S. App. LEXIS 19820, at *4, 2018 WL 3869607, at *2 (11th Cir. July 17, 2018). Thus, to the extent ground one can be construed to raise a freestanding claim of actual innocence, Riggs is entitled to no relief on such a claim.

same insufficiency of the evidence claim that he raised on direct appeal. Riggs essentially argues that because the indictment listed Erin Coady as the owner of the property, and Coady did not testify at trial, the state failed to prove that Coady owned the property or that Riggs entered or remained in Coady's house without her authorization. (See Doc. 1 at 6-9).

Habeas relief on the merits of a claim of legally insufficient evidence is appropriate under § 2254 only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979); see also Lewis v. Jeffers, 497 U.S. 764, 781 (1990). "[T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 318-19 (emphasis in original) (internal citation and quotation marks omitted). "It is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt." Martin v. State of Alabama, 730 F.2d 721, 724 (11th Cir. 1984). When the record includes facts that support conflicting inferences, the court must presume that the jury resolved those conflicts in favor of the

prosecution and must defer to that resolution. Id. Stated differently, the court must defer to the judgment of the jury in evaluating the credibility of witnesses and weighing the evidence. See Jackson, 443 U.S. at 326. Sufficiency of the evidence claims are judged by the elements of the offense defined by state law. Id. at 324 n.16.

The Alabama Court of Criminal Appeals addressed Riggs's insufficient evidence claim in its memorandum opinion affirming Riggs's conviction on direct appeal. After summarizing the evidence presented at trial, the Alabama Court of Criminal Appeals stated:

> On appeal, Riggs contends only that the State failed to present legally sufficient evidence to sustain his conviction. Specifically, Riggs argues that the State's evidence was insufficient because the indictment lists only Erin Coady as the owner of the house, and "[t]here was no testimony from Mrs. Coady to prove ownership or that she denied [Riggs] authorization to enter her home." (Riggs's brief, p. 5.)

> > "'In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.' Faircloth v. State, 471 So. 2d 485, 489 (Ala. Cr. App. 1984), affirmed, Ex parte Faircloth, [471] So. 2d 493 (Ala. 1985).

> . . . .

> Because the indictment charged Riggs with unlawfully entering or remaining in a building, the State had to prove that Riggs knowingly entered or remained

unlawfully in an occupied or unoccupied building with
the intent to commit a crime therein.  Section 13A-7-
1(1), Ala. Code 1975, defines "building" as

> "[a]ny structure which may be entered and
> utilized by persons for business, public use,
> lodging or the storage of goods, and such term
> includes any vehicle, aircraft or watercraft
> used for the lodging of persons or carrying on
> a business therein, and such term includes any
> railroad box car or other rail equipment or
> trailer or tractor trailer or combination
> thereof."

Further, § 13A-7-1(3) defines "enter or remain
unlawfully" in relevant part as follows: "A person
'enters or remains unlawfully' in or upon premises when
he is not licensed, invited or privileged to do so."
Section 13A-2-2(2), Ala. Code 1975, states that "[a]
person acts knowingly with respect to conduct or to a
circumstance described by a statute defining an offense
when he is aware that his conduct is of that nature or
that the circumstance exists."

The State presented sufficient evidence that Riggs
knowingly and unlawfully entered Coady's unoccupied
residence with the intent to commit a theft therein.
McNeil testified that he and Coady both lived at the
house at 3822 Isabella Lane on November 20, 2013.  "'"[I]n
Alabama, 'burglary, like trespass, is an offense against
the possession, and hence the test for the purpose of
determining in whom the ownership of the premises should
be laid in an indictment is not the title, but the
occupancy or possession at the time the offense was
committed.'"'"  Chapman v. State, 64 So. 3d 1120, 1126
(Ala. Crim. App. 2009) (quoting South v. City of Mountain
Brook, 688 So. 2d 292, 296 (Ala. Crim. App. 1996)), rev'd
in part on other grounds, 64 So. 3d 1133 (Ala. 2010).
Walser testified that he witnessed Riggs and another man
leaving Coady's house and carrying televisions.  Walser
testified that he informed Coady of the men at her house,
to which she replied that her house was unoccupied.
Walser and Coady returned to the house to find that a
window had been broken, a door had been kicked in, and
the inside had been ransacked.  Walser and Coady
encountered Riggs at a neighboring house, and Coady
recognized one of her televisions in a Lexus that was

parked at the house. McNeil testified that Riggs did not have permission to enter his and Coady's house. Accepting as true all evidence introduced by the State, according the State all legitimate inferences therefrom, and considering all evidence in a light most favorable to the prosecution, the State's evidence was sufficient to sustain Riggs's conviction. Accordingly, Riggs is not entitled to relief on this issue.

(Doc. 13-5 at 3-8).

Because the Alabama Court of Criminal Appeals adjudicated Riggs's claim regarding the sufficiency of the evidence on its merits, he is not entitled to relief unless one of the exceptions found in 28 U.S.C. § 2254(d) applies. See Early v. Packer, 537 U.S. 3, 8 (2002). As noted, the state court's factual findings are presumed correct unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003). Having reviewed the record at length, the undersigned is satisfied that the appellate court's finding that there was sufficient evidence to support Riggs's conviction for third-degree burglary was neither contrary to nor an unreasonable application of the clearly established federal law set forth above, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The Alabama Court of Criminal Appeals reasonably found that the state presented sufficient evidence that Riggs knowingly and

unlawfully entered Erin Coady's unoccupied residence with the intent to commit a theft therein. With regard to Riggs's contention that the state failed to prove Erin Coady's ownership of the home, ownership of the premises, as found by the appellate court,[14] was determined not by "the title, but the occupancy or possession at the time the offense was committed." (Doc. 13-5 at 7-8) (citations and internal quotation marks omitted). At trial, Brad McNeil testified that Coady was his wife; that both he and Coady lived at the house at 3822 Isabella Lane on November 20, 2013; and that Riggs did not have permission to enter their home. (Doc. 13-2 at 5-6, 13). Scott Walser testified that he was friends with both Coady and McNeil; that he knew the location of their marital home; that he witnessed Riggs and another man carrying televisions out of the house on November 20, 2013; that Coady "said nobody is at my house" when Walser asked her who the men at her house were; that he and Coady subsequently encountered Riggs at a neighboring house; and that Coady recognized her television in Riggs's vehicle. (Doc. 13-1 at 171, 174, 177, 179-83). Additionally, both McNeil and Walser testified that the house at

---

[14] "Burglary, like trespass, is an offense against the possession, and hence the test for the purpose of determining in whom the ownership of the premises should be laid in an indictment is not the title, but the occupancy or possession at the time the offense was committed." Hamilton v. State, 219 So. 2d 369, 374 (Ala. 1969) (internal quotation marks and citation omitted); see also White v. Haley, 2008 WL 11383870, at *16 (N.D. Ala. Apr. 1, 2008) ("[B]urglary is an offense against possession.").

3822 Isabella Lane showed signs of being broken into and ransacked on November 20, 2013. (Doc. 13-1 at 177-78; Doc. 13-2 at 14-16). This evidence was sufficient for the jury to reasonably conclude that for purposes of the Alabama burglary statute, Coady and McNeil occupied or possessed the subject property at the time of the burglary, and that Riggs did not have permission or any type of license, privilege, or invitation to enter the home, thus rendering his entry into the home unlawful.

The Alabama Court of Criminal Appeals discussed the third-degree burglary statute under which Riggs was charged, the elements of the charged offense, and how the evidence presented at trial established each essential element of that offense. (See Doc. 13-5 at 6-8). In light of the evidence presented at trial, as set forth above and in the decision of the Alabama Court of Criminal Appeals, it is clear that a rational trier of fact could have found the essential elements of burglary in the third degree, as charged in Riggs's indictment. Thus, the Alabama Court of Criminal Appeals' evaluation of Riggs's insufficient evidence claim was neither unreasonable nor contrary to established law. Accordingly, Riggs's claim of insufficient evidence, as set forth in grounds one, two, and four of the instant habeas petition, provides no basis for relief.[15]

---

[15] In the supporting facts for ground one, Riggs alleges a "faital [sic] variance." (Doc. 1 at 7). The Eleventh Circuit has called

an allegation of a variance between the indictment and the proof
at trial "in essence . . . one form of challenge to the sufficiency
of the evidence." United States v. Jenkins, 779 F.2d 606, 616
(11th Cir. 1986). To the extent Riggs's assertion of a "[f]aital
[sic] variance" in ground one can be construed to raise a claim
that is distinct from the insufficient evidence claim he raised on
direct appeal, that claim provides no basis for relief.

"A variance occurs when the facts proved at trial deviate from
the facts contained in the indictment but the essential elements
of the offense are the same." United States v. Young, 39 F.3d
1561, 1566 (11th Cir. 1994). A conviction will not be reversed
based on a variance "unless the variance was material and
substantially prejudiced the defendant." Id. For a court to find
substantial prejudice, the facts proved at trial must have differed
so greatly from the charges in the indictment that the defendant
was unfairly surprised and unable to prepare an adequate defense.
United States v. Lander, 668 F.3d 1289, 1295 (11th Cir. 2012) (per
curiam). Moreover, a § 2254 habeas petitioner is not entitled to
relief on such a claim "unless it can be shown that the indictment
is so defective that the convicting court had no jurisdiction."
Branch v. Estelle, 631 F.2d 1229, 1233 (5th Cir. Unit A 1980)
(holding that habeas petitioner was not entitled to relief on claim
that there was a variance between the date of the burglary alleged
in the indictment and the undisputed proof at trial because
petitioner had not shown that the indictment was so defective that
that the convicting state court had no jurisdiction).

Riggs's indictment identified and substantially tracked the
language of the applicable third-degree burglary statute, listed
the date of the offense, identified Erin Coady as the owner of the
property, and named Riggs as the perpetrator of the crime. (See
Doc. 13-1 at 31). As discussed in connection with his insufficient
evidence claim, Riggs has failed to show that the facts proved at
trial deviated from the facts contained in his indictment.
Moreover, the indictment adequately informed Riggs of the charge
against him, and the state trial court was therefore not deprived
of jurisdiction. See Heath v. Jones, 863 F.2d 815, 821 (11th Cir.
1989) (per curiam). Thus, to the extent Riggs's allegation of a
"faital [sic] variance" is discrete from his claim of insufficient
evidence, Riggs is entitled to no relief on that claim.

**B.    "Faulty Indictment" (Ground Two).**

In ground two of his habeas petition, Riggs alleges a "faulty indictment."  (Doc. 1 at 7).  As support for this claim, Riggs states that the indictment showed Erin Coady "as victim and property (possion [sic] owner), who did not show up for trial or testify.  No property present at trial." (Doc. 1 at 7).  As noted previously, the Court construes these allegations as a challenge the sufficiency of the evidence presented at Riggs's trial.  However, to the extent ground two alleges that the indictment was fatally defective *irrespective of the evidence presented at trial*, Riggs's claim is procedurally defaulted and provides no basis for relief.

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding[.]"  Picard v. Connor, 404 U.S. 270, 276 (1971).  Before a § 2254 petitioner may obtain federal habeas corpus relief, he must exhaust all available state court remedies for challenging his conviction, either on direct appeal or in a state post-conviction motion.  See 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Walker, 533 U.S. 167, 178–79 (2001).  To fully exhaust a claim, a petitioner "must give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing in that court, and a petition for discretionary review in the Supreme Court of Alabama. Price v. Warden, Att'y Gen. of Ala., 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam). The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

A habeas claim "is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008); see Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petition would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas[.]").

A petitioner can overcome a procedural default in one of two ways. First, a petitioner's defaulted claims can be reviewed if he can show cause for the default and resulting prejudice. Murray v. Carrier, 477 U.S. 478, 496 (1986). "Cause exists if there was 'some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule.'" Mize, 532 F.3d at 1190 (quoting Murray, 477 U.S. at 488). Such

impediments "include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel." Id. To show prejudice, "a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had the constitutional violation not occurred. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

Second, a petitioner may overcome the procedural default of a claim by establishing a fundamental miscarriage of justice, which "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Id. "This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him." Mize, 532 F.3d at 1190.

To the extent Riggs contends that his indictment was defective irrespective of the evidence presented at trial, the record confirms that he failed to raise this claim on direct appeal or in either of his Rule 32 petitions. (See Docs. 13-3, 13-11, 13-17 at 34-47). Such a claim is non-jurisdictional and thus subject to the procedural bars of Ala. R. Crim. P. 32.2. See Ex parte Seymour, 946 So. 2d 536, 539 (Ala. 2006) ("A defect in an indictment . . .

does not divest the circuit court of the power to try the case.  A defendant who alleges a defective indictment is thus subject to the same preclusive bars as one who challenges any other nonjurisdictional error[.]").  Any subsequent Rule 32 petition presenting this claim would be subject to the procedural bars in Ala. R. Crim. P. 32.2(a)(3) and (5), 32.2(b), and 32.2(c).  Thus, Riggs's unexhausted "faulty indictment" claim is procedurally defaulted, unless Riggs can overcome the default by demonstrating cause and prejudice or actual innocence.

Riggs has not demonstrated cause for the default or resulting prejudice.  Further, although Riggs alleges a miscarriage of justice and actual innocence in a conclusory fashion (see Doc. 1 at 6-7; Doc. 4 at 3, 22; Doc. 17 at 13), he has made no showing that, in light of new evidence, it is probable that no reasonable juror would have convicted him of third-degree burglary.  See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) ("To overcome procedural default through a showing of actual innocence, the petitioner must present reliable evidence . . . not presented at trial such that it is more likely than not that no reasonable juror would have convicted him of the underlying offense.") (citations and internal quotation marks omitted).  Thus, to the extent Riggs alleges that the indictment itself was fatally defective, his claim is barred from federal habeas review.

Riggs's claim also fails on its merits. "The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction." DeBenedictis v. Wainwright, 674 F.2d 841, 842 (11th Cir. 1982) (per curiam) (citations omitted). As noted *supra*, Riggs's indictment identified and tracked the language of the applicable statute, adequately incorporated the elements of the charged offense, listed the date of the offense, identified the victim, and identified Riggs as the perpetrator. (See Doc. 13-1 at 31). Because the indictment adequately informed Riggs of the charge against him, it was not fatally defective, and the circuit court was not deprived of jurisdiction. See Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) (per curiam). Accordingly, Riggs is entitled to no relief on this claim.

**C.    Ineffective Assistance of Counsel (Ground Three).**

In ground three of his habeas petition, Riggs generically alleges that his appointed trial counsel provided constitutionally ineffective assistance by rendering "services only customary to black, and poor indigent and fail to investigate and try the case to win, not guilty." (Doc. 1 at 8). In his "Fact in Support of Habeas Corpus" and in his reply to Respondent's answer (Docs. 4, 17), Riggs makes a number of more specific assertions regarding his trial counsel's performance. As best the Court can discern,

Riggs alleges that his attorney provided ineffective assistance by: (1) failing to request a continuance to properly investigate the case; (2) failing to locate and question witnesses who could have partially corroborated Riggs's version of events; (3) failing "to investigate or get a statement" from Erin Coady or Scott Walser that Erin Coady "was leaving [Brad] McNeil, and Scott was helping"; (4) failing to "press" Brad McNeil on cross-examination about how long he and Erin Coady had been married;[16] (5) failing to identify the "other items" found in Riggs's car on the date of his arrest;[17] (6) failing "to have T.V.s or other items in court" and failing "to show why those items . . . were not in court";[18] (7) failing to select even one black juror; (8) asking Scott Walser about his prior conviction, which was too remote "to have value" to Riggs, during cross-examination;[19] (9) failing to object to the "state's prejudicial question" to Riggs regarding his own prior burglary

---

[16] Riggs contends that they were not married at the time of the break-in. (Doc. 4 at 9).

[17] Riggs asserts that his attorney should have emphasized that there were televisions, women's dresses, and high heels in his car, which "would have proven that Coady and Walser conspired to steal Riggs['s] car . . . because Coady was leaving Brad [McNeil], and Scott Walser was helping her." (Doc. 17 at 7).

[18] Riggs states that the items were not in court because Erin Coady "got them back on the scene" and "knew that [Riggs's] [finger]prints were not on the TVs." (Doc. 4 at 9).

[19] Riggs "believes" that his attorney asked Scott Walser about his prior conviction "to open [the] door for the state to ask [Riggs] if he had a prior burglary conviction[.]" (Doc. 4 at 10).

conviction; (10) making no effort to sequester the jury; (11) failing to move for a mistrial after "the clerk made statement in the lunch room about [Riggs's prior convictions], in [a] room with 3 jurors"; (12) failing to emphasize erroneous testimony by Walser regarding the color of Riggs's vehicle; (13) failing to adequately challenge the "fatal variance" between the indictment and the evidence presented at trial; (14) failing to ensure Erin Coady's presence at trial[20] and failing to highlight and object to her absence; and (15) failing to challenge the validity of the affidavit in support of his arrest. (Doc. 4 at 7-12; Doc. 17 at 5-8).

Some of these specific claims of attorney error were raised in Riggs's first Rule 32 petition, while others appear to be newly raised in connection with the instant petition.[21] Respondent argues that Riggs's ineffective assistance of counsel claims are without merit and procedurally defaulted as a result of Riggs's failure to exhaust them in state court. (Doc. 13 at 11-14).

---

[20] Riggs states that his attorney erred by failing "to present [Erin] Coady for trial, to prove she was leaving [Brad] McNeil." (Doc. 4 at 12).

[21] Construing Riggs's *pro se* filings liberally, numbers 1, 2, 4, 7, 13, and 14 were arguably raised in his first Rule 32 petition, while numbers 3, 5, 6, 8, 9, 10, 11, 12, and 15 do not appear to have been raised in either of Riggs's Rule 32 petitions. (Compare Doc. 13-11 at 16-19, with Doc. 4 at 7-12; Doc. 17 at 5-8).

The record reflects that Riggs initially alleged ineffective assistance of trial counsel in his first Rule 32 petition. (Doc. 13-11). After the trial court summarily dismissed that petition, Riggs failed to appeal, and the time for him to do so has long since passed, as has the time for him to seek state certiorari review. See Ala. R. App. P. 4(a)(1) & 39; Ala. R. Crim. P. 32.10(a); Ex parte Jones, 773 So. 2d 989, 989 (Ala. 1998) ("In the context of post-conviction relief, the 42-day appeal period runs from the date of the trial court's denial of the Rule 32 petition."). Riggs filed a second Rule 32 petition, but he did not raise any claim of ineffective assistance of counsel in that petition, and in any event, he failed to petition the Supreme Court of Alabama for a writ of certiorari after the Alabama Court of Criminal Appeals affirmed the circuit court's summary dismissal of his second Rule 32 petition. (See Doc. 13-17 at 34-47; Doc. 13-24).

Because Riggs failed to submit his ineffective assistance of counsel claims through a complete round of the established appellate review process, those claims are unexhausted, and Riggs cannot return to state court to litigate those claims. The time for Riggs to appeal the circuit court's denial of the ineffective assistance of counsel claims raised in his first Rule 32 petition has expired, and any subsequent Rule 32 petition presenting these claims would be barred as untimely under the one-year limitation

period in Ala. R. Crim. P. 32.2(c) and precluded by the successive petition bar in Ala. R. Crim. P. 32.2(b). Riggs would also be barred from raising ineffective assistance claims that were not raised in his first Rule 32 petition. See Ala. R. Crim. P. 32.2(d). Thus, the exhaustion and preclusion rules coalesce into the procedural default of the ineffective assistance of counsel claims raised in Riggs's federal habeas petition.

Riggs has failed to demonstrate or even allege cause and prejudice for this default and has failed to make a colorable showing of actual innocence. Consequently, Riggs cannot overcome the procedural default of his ineffective assistance of counsel claims.[22]

**D.  Claims Arguably Raised in Supplemental Filing.**

In his rambling "Fact in Support of Habeas Corpus" (Doc. 4), filed more than a month after his § 2254 petition, Riggs arguably attempts to assert additional claims that were not raised in the habeas petition itself. First, Riggs contends that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because fifty years and one day of imprisonment is excessive for a crime in which the property was recovered and where no one got hurt. (Doc. 4 at 15). Second, Riggs appears to

---

[22] Given Riggs's procedural default of his numerous and varied claims of attorney error, the Court will not address the individual merits of Riggs's ineffective assistance of counsel claims.

assert that the court violated his Sixth Amendment right to a jury trial by imposing a harsher sentence "in retaliation" for his refusal to plead guilty. (See id. at 15-16, 19). Third, Riggs alleges that his "excessive sentence" violates the Fifteenth Amendment because "this state, through history, has issued long, and harsh sentences on blacks . . . to d[i]lute [the] black vote[.]" (Id. at 15-16). Fourth, Riggs claims that the Alabama Habitual Felony Offender Act, Alabama Code § 13A-5-9, was unconstitutionally enacted "to have a discriminatory impact on blacks[.]"[23] (Id. at 20-21).[24] Respondent's answer does not

---

[23] The Court construes this as a Fourteenth Amendment equal protection claim. Although it is not clear precisely what type of equal protection claim Riggs is asserting, it appears that he is alleging that neutral application of a facially neutral statute has a disparate impact, a claim that requires proof of purposeful discrimination. See E & T Realty v. Strickland, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987).

[24] Riggs also contends that the state courts failed to give his Rule 32 petitions the liberal construction due to *pro se* pleadings and should have held an evidentiary hearing and granted him leave to amend his Rule 32 petition to correct pleading defects. (Doc. 4 at 2, 4, 6-7). Federal habeas corpus relief cannot address errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1992). A federal habeas court does not have authority to reexamine state-court determinations on state-law questions. Id. at 67-68. Instead, a federal court can only entertain a habeas petition on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). The Eleventh Circuit "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief" and, even more specifically, "that a state court's failure to conduct an evidentiary hearing on a post-conviction motion does not constitute a cognizable claim for habeas relief." Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009). This is because "a challenge to a state collateral proceeding does not

address these claims (and thus does not assert a procedural defense to them), almost certainly because Riggs did not assert the claims in his § 2254 petition but rather subsequently scattered them in a prolix supplemental filing.[25] (See Doc. 13).

The record reflects that Riggs did not present these constitutional claims to the state courts, either on direct appeal or in Rule 32 proceedings. Therefore, Riggs did not exhaust his state court remedies with respect to the claims first raised in his supplemental federal filing. Further, the procedural bars set forth in Rule 32.2 would prevent Riggs from raising these claims in any future Rule 32 petition. See Ex parte Sanders, 792 So. 2d 1087, 1091 (Ala. 2001) (holding that petitioner's claim that his sentence under § 13A-5-9(c)(3) was disproportionate to his crime

---

undermine the legality of the detention or imprisonment – i.e., the conviction itself – and thus habeas relief is not an appropriate remedy." Id. Thus, to the extent Riggs seeks to raise claims that the state courts erred by failing to construe his Rule 32 petitions with sufficient liberality, not granting him leave to amend his Rule 32 petitions, and denying his petitions without conducting an evidentiary hearing, those claims are not cognizable in this federal habeas corpus proceeding. See Dickerson v. Gordy, 2021 U.S. Dist. LEXIS 55845, at *6, 2021 WL 1117756, at *3 (N.D. Ala. Mar. 24, 2021). Riggs also failed to exhaust his state court remedies with respect to these claims.

[25] The Court notes that a § 2254 habeas petition "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State;" and that the "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(1)(A) & (3).

of conviction and therefore excessive was a constitutional claim rather than a jurisdictional claim and noting that "constitutional claims that are, or that could have been, raised on appeal are subject to the procedural bars set forth in Rule 32.2"); Burton v. State, 728 So. 2d 1142, 1147 (Ala. Crim. App. 1997) (finding that petitioner's claim that the Habitual Felony Offender Act was facially unconstitutional and/or unconstitutional in the manner of its application to him was precluded because it could have been, but was not, raised at trial and on appeal); Miller v. Price, 2015 U.S. Dist. LEXIS 193927, at *21, 2015 WL 13764269, at *8 (N.D. Ala. Dec. 9, 2015) (finding § 2254 petitioner's challenge to the length of his sentence as punishment for going to trial to be precluded because it was not properly raised in state court), report and recommendation adopted, 2018 U.S. Dist. LEXIS 199160, 2018 WL 6171476 (N.D. Ala. Nov. 26, 2018). As a result, these claims are procedurally defaulted.

Riggs has shown neither cause nor prejudice for failing to litigate these claims in state court, nor does he demonstrate a fundamental miscarriage of justice by offering new evidence establishing his actual innocence. Although Respondent – as a result of Riggs's failure to assert these claims in his habeas petition - has not raised the procedural default defense with respect to these particular claims, the Court has discretionary authority to consider the exhaustion requirement *sua sponte* on

review.  See Moon v. Head, 285 F.3d 1301, 1315 n.17 (11th Cir. 2002); Esslinger v. Davis, 44 F.3d 1515, 1524-25 (11th Cir. 1995); see also Day v. McDonough, 547 U.S. 198, 206 (2006) (noting that "the Courts of Appeals have unanimously held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default, *i.e.*, a petitioner's failure properly to present an alleged constitutional error in state court").

Here, the undersigned finds that the Court is justified in raising the issue of procedural default *sua sponte*.  Respondent filed a timely answer to Riggs's habeas petition in compliance with the requirements of Rule 5 of the Rules Governing § 2254 Cases and with this Court's service order.[26]  (Doc. 9).  In its answer, Respondent properly asserted the procedural default defense with respect to grounds two and three of Riggs's § 2254 petition.  (Doc. 13 at 10-11, 13-14).  To the extent Riggs later sought to raise claims that were not raised in his § 2254 petition itself, he did so by interspersing those claims in a rambling supplemental filing

---

[26] In the service order, Respondent was ordered to "provide the Court with copies of documents indicating the disposition of the case in the state appellate courts, including, but not limited to, the case action summary maintained by the trial court, all state court appellate decisions, docket sheet(s) indicating the dates of such decisions, and copies of the briefs filed in the state court. Moreover, where Petitioner alleges ineffective assistance of counsel or insufficiency of the evidence, the entire trial record must be filed."  (Doc. 9 at 3).

which did not clearly indicate an intent or desire to amend the habeas petition to raise additional claims. (<u>See</u> Doc. 4). Although Respondent has not asserted a procedural defense to Riggs's newly raised claims, the record, as set forth in the exhibits to Respondent's answer, is sufficient for this Court to determine that Riggs failed to raise his Eighth Amendment excessive sentence, Sixth Amendment retaliation, Fifteenth Amendment, and Fourteenth Amendment equal protection claims in the state courts. The fact that Respondent did not assert procedural default (or any other) defenses to these claims owes primarily to Riggs's own failure to properly specify the claims as grounds for relief in his habeas petition. <u>See</u> Rule 2(c), Rules Governing Section 2254 Cases ("The petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground . . .").

In this case, the interests of comity, federalism, and judicial efficiency make it appropriate for the Court to apply the procedural default defense *sua sponte*, particularly with respect to Riggs's Eighth Amendment excessive sentence claim. The Supreme Court has noted that through the "thicket of Eighth Amendment jurisprudence, one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 72 (2003). However, the Supreme Court's

"cases exhibit a lack of clarity regarding what factors may indicate gross disproportionality." Id. "[T]he precise contours of [the gross disproportionality principle] are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Id. at 73. Moreover, courts must grant substantial deference to the broad authority that state legislatures possess in determining the punishments for crimes. Solem v. Helm, 463 U.S. 277, 290 (1983). Given the individualized nature of the gross disproportionality inquiry and the deference required, the undersigned finds the interests of justice better served by applying the obvious procedural bar to Riggs's unexhausted claims rather than considering them on their merits in the absence of any prior state court ruling or briefing on these issues.

The Court recognizes that it must give Riggs fair notice that the issue is being considered and an opportunity to present his position concerning the procedural default. See Day, 547 U.S. at 210. Accordingly, **Riggs is specifically advised that this report and recommendation is notice to him that this Court is *sua sponte* raising the issue of procedural default with respect to the Eighth Amendment excessive sentence, Sixth Amendment retaliation, Fifteenth Amendment, and Fourteenth Amendment equal protection claims that he arguably attempted to raise in his "Fact in Support of Habeas Corpus" (Doc. 4). Riggs is further advised that he must submit any evidence or argument concerning the default as part of**

any objections he may file to this report and recommendation. This includes, but is not limited to, evidence or argument showing cause and prejudice for the default or showing that a fundamental miscarriage of justice would result if the Court fails to consider the claims.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Riggs's petition does not warrant the issuance of a certificate of appealability. Riggs has failed to demonstrate that the state courts rendered decisions on his insufficient evidence claims that were either contrary to, or an unreasonable application of, clearly established federal law, see 28 U.S.C. § 2254(d)(1), or that were based on an unreasonable determination of the facts in light of the evidence presented. See id. at § 2254(d)(2). To the extent Riggs challenges the facial sufficiency of the state's indictment, Riggs's claim is procedurally defaulted and without merit, and his ineffective assistance of counsel claims are also procedurally defaulted. Finally, Riggs failed to exhaust the claims he arguably attempted to first raise in his supplemental "Fact in Support of Habeas Corpus" (Doc. 4) by failing to fairly present them to the state courts, and state court remedies are no longer available with respect to those claims, rendering those claims procedurally defaulted. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in denying the instant petition or that Riggs should be

allowed to proceed further.  Accordingly, the undersigned submits that Riggs is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Riggs's habeas corpus petition (Doc. 1) be **DENIED**, that this action be **DISMISSED with prejudice**, and that judgment be entered in favor of the Respondent, Reosha Butler, and against the Petitioner, Jessie Riggs.  It is further recommended that any request for a certificate of appealability or for permission to appeal *in forma pauperis* be denied.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **13th** day of **January, 2022.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**